## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CATHERINE DOUGLAS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.  1:20-cv-02586 |
| v. | |
| AT&T SERVICES, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** CATHERINE DOUGLAS, individually and on behalf of all other similarly situated, by and through her undersigned counsel, complaining of AT&T SERVICES, INC. as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.      "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

5.      CATHERINE DOUGLAS ("Plaintiff") is a natural person, who at all times relevant resided in Lombard, Illinois.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7.      AT&T SERVICES, INC. ("AT&T") is nationally recognized corporation that offers wireless network, cellular phone, digital television, internet, and telecommunications services to businesses and consumers nationwide.

8.      AT&T maintains its principal place of business in Dallas, Texas.

9.      AT&T conducts business in Illinois and is registered with the Illinois Secretary of State.

## FACTUAL ALLEGATIONS

10.      In April 2020, Plaintiff discovered that AT&T accessed her Equifax credit report without her authority.

11.      Specifically, Plaintiff's Equifax credit report listed AT&T under a section labeled "Inquiries that may impact your credit rating/score."

12.      Plaintiff's Equifax credit report further revealed that AT&T accessed Plaintiff's credit information on March 31, 2019.

13.      Plaintiff is not and has never been a customer of AT&T.

14.      Moreover, Plaintiff has not applied for or otherwise sought any services from AT&T.

15.      Accordingly, Plaintiff was baffled by AT&T's request for her highly confidential credit information.

16.     Upon information and belief, AT&T misrepresented to Equifax that Plaintiff was either (1) applying for services from AT&T or (2) had a current business relationship with AT&T.

17.     As a result of AT&T's false representations, Equifax disseminated Plaintiff's highly confidential credit information to AT&T.

18.     At all times relevant, AT&T did not have a legitimate or lawful need for Plaintiff's credit information.

## DAMAGES

19.      AT&T's unauthorized conduct resulted in significant harm to Plaintiff.

20.     Specifically, AT&T's credit inquiry is considered a "hard inquiry," which adversely impacts a consumer's credit score.

21.     Accordingly, Plaintiff's credit score was negatively impacted by AT&T's unauthorized "hard inquiry."

22.     AT&T's conduct caused Plaintiff anxiety, distress, mental anguish, and led Plaintiff to fear that she may be a victim of identity theft as Plaintiff did not authorize AT&T's credit inquiry.

23.     Moreover, AT&T's unauthorized access of Plaintiff's credit information was highly intrusive and invaded Plaintiff's privacy.

24.     Alarmed  by AT&T's intrusive conduct, Plaintiff retained counsel to protect her privacy and enforce her rights.

## CLASS ALLEGATIONS

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26.     Upon information and belief, AT&T systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers are applying for or seeking services from AT&T.

27.     Upon information and belief, AT&T systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers have an existing business relationship with AT&T.

28.     Upon information and belief, AT&T utilizes consumers' credit reports to evaluate whether to market its services to consumers.

29.     AT&T's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

30.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by AT&T; (2) within the five (5) years preceding the date of the complaint through the date of class certification; (3) from Equifax, Experian and/or Trans Union; (4) who were not existing AT&T customers and (5) whom did not seek services from AT&T.

31.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) AT&T, AT&T's subsidiaries, parents, successors, predecessors, and any entity in which AT&T or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons;

and (6) persons whose claims against AT&T have been fully and finally adjudicated and/or released.

**A.      Numerosity**

32.      Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

33.      The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can be only be determined only through targeted discovery.

34.      The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

35.      The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by AT&T.

**B.      Commonality and Predominance**

36.      There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

37.      Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

38.      Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of AT&T's conduct.

**D.      Superiority and Manageability**

39.      This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

43.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44.     Plaintiff has no interests antagonistic to those of the Putative Class, and AT&T has no defenses unique to Plaintiff.

45.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**Count I:**
**AT&T's violation(s) of 15 U.S.C. § 1681b(f)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

46.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

48.     AT&T is a "person" as defined by 15 U.S.C. §1681a(b).

49.     Plaintiff's Equifax credit report that AT&T accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

50.     AT&T violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Equifax credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

51.     As stated above, Plaintiff is not and has never been a customer of AT&T.

52.     Moreover, Plaintiff did not seek services from AT&T at the time AT&T accessed Plaintiff's Equifax credit report.

53.     Plaintiff did not have an existing business relationship with AT&T at the time AT&T accessed Plaintiff's Equifax credit report.

54.     AT&T willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without a permissible purpose under the FCRA.

55.     In the alternative, AT&T negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

56.     As described above, Plaintiff was harmed by AT&T's conduct.

57.     Upon information and belief, AT&T knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

58.     Upon information and belief, AT&T does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

59.     Due to AT&T's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor and against AT&T, as follows:

A.     Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B.      Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

C.      Enjoining AT&T from accessing consumer credit reports without a permissible purpose;

D.      Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E.      Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F.      Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

G.      Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

H.      Awarding any other relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: April 29, 2020                                        Respectfully Submitted,

                                                            **CATHERINE DOUGLAS**

                                                            By: /s/ *Mohammed O. Badwan*

                                                            Mohammed O. Badwan, Esq.
                                                            Joseph S. Davidson, Esq.
                                                            Victor T. Metroff, Esq.
                                                            *Counsel for Plaintiff and the Putative*
                                                            *Class Members*
                                                            Sulaiman Law Group, Ltd
                                                            2500 S Highland Ave, Suite 200
                                                            Lombard, IL 60148
                                                            Telephone: (630) 575-8180
                                                            mbadwan@sulaimanlaw.com
                                                            jdavidson@sulaimanlaw.com
                                                            vmetroff@sulaimanlaw.com